UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FEECO INTERNATIONAL, INC.,

        Plaintiffs,

   v.                                     Case No. 13-CV-0869

OXANE MATERIALS, LLC,

        Defendants.

**DECISION AND ORDER**

Defendant Oxane Materials, LLC has filed a motion to dismiss two of the claims brought in the complaint by Plaintiff Feeco International, Inc. Defendant asserts that two of the claims are facially inconsistent with the substance of the central claim, which alleges breach of contract. For the reasons given below, the motion will be denied.

In brief, Plaintiff's Complaint alleges that it contracted with Defendant for the manufacture, delivery, and installation of two rotary kilns for Defendant's use at its facility in Arkansas. Plaintiff alleges that Defendant owes an additional $474,690.30, and it brought suit for breach of contract. Plaintiff, however, also brought claims alleging unjust enrichment and promissory estoppel. Defendants argue that these additional causes of action are barred as a matter of law. There is no reason, Defendant contends, to assert claims that are legally incompatible with the breach of contract claim. Defendant argues that, because Plaintiff is suing on rights set forth in a contract with Defendant, the claims for unjust enrichment and promissory estoppel should be dismissed.

In opposition, Plaintiff contends that it may plead in the alternative and that dismissal of alternative claims at this stage is inappropriate. While Plaintiff concedes that it will not be able to recover on both contract and quasi-contract theories, it should be permitted to plead inconsistent theories of breach of contract and equitable theories based on a lack of a binding contract.

Plaintiff and Defendant both make valid points. Plaintiff is correct that federal pleading standards allow for pleading in the alternative, which permits a party to make claims that may not be facially consistent. *Cromeens, Holloman, Sibert, Inc. V. AB Volvo*, 349 F.3d 376, 397 (7th Cir. 2003). Under the doctrine of pleading in the alternative, "a party is allowed to plead breach of contract, or if the court finds no contract was formed, to plead for quasi-contractual relief in the alternative. Once a valid contract is found to exist, quasi-contractual relief is no longer available." *Id.* Plaintiff contends it has simply plead alternative theories of relief by including its unjust enrichment and promissory estoppel claims along with a claim for breach of contract.

On the other hand, it is not unreasonable for Defendant to insist that claims having no basis in law be excised as early as possible. In support, Defendant cites several Wisconsin state court cases that dismiss quasi-contract claims pleaded in conjunction with breach of contract. *E.g.*, *Kramer v. Alpine Valley Resort, Inc.*, 108 Wis. 2d 417, 321 N.W.2d 293 (Wis. 1982); *Greenlee v. Rainbow Auction/Realty Co.*, 202 Wis. 2d 653, 553 N.W.2d 257 (Wis. Ct. App. 1996). Further, as I have noted in other cases with inconsistent legal and equitable claims in the pleadings, "it is after all the purpose of the rules under which this procedural dispute arises 'to secure the just, speedy, and inexpensive determination of every action and proceeding.'" *Harley Marine Servs., Inc. v. Manitowoc Marine Grp., LLC*, 759 F. Supp. 2d 1059, 1061 (E.D. Wis. 2010) (quoting Fed. R. Civ. P. 1).

But in this case, unlike *Harley Marine*, Defendant does appear to contest the validity of the contract in question by raising a series of affirmative defenses. (Dkt. 1-1 at 63-64.) In *Harley Marine*, I found that it was "clear, at least at this point, that neither the existence or validity of the contract is in dispute" when the answer merely denied the opposing party's interpretation and did not raise affirmative defenses questioning the contract. *Id.* at 1062. This is not the case here because Defendant asserted "all affirmative defenses," including statute of frauds, failure of consideration, and failure of condition subsequent. (Dkt. 1-1 at 63-64.) It should be noted, however, that Defendant also admits to the existence of a contract elsewhere in its Answer. (Dkt. 1-1 at 55-56, 59-61). But it would not serve any interest of efficiency to dismiss Plaintiff's inconsistent equitable claims when Defendant has chosen to admit the existence of the contract in one part of the Answer, while contesting its existence, validity, or enforceability in another. As a result, this is not the situation where the plaintiff "pleads himself out of court" because the plaintiff must contradict the complaint to prevail. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) (internal quotations omitted).

Under these circumstances, I conclude that Defendant's motion to dismiss Plaintiff's claims for promissory estoppel and unjust enrichment should be denied. Plaintiff's complaint alleges the existence of a contract, and Defendant has disputed its existence or validity in its affirmative defenses. Thus, based on its own pleadings, Defendant's motion to dismiss should be denied. Although Plaintiff will not be able to recover under its quasi-contract claims if there was in fact a contract governing its relationship with Defendant, it should be free to proceed with such alternative theories at this stage.

3

Case 1:13-cv-00869-WCG   Filed 09/18/13   Page 3 of 4   Document 12

For these reasons, the motion to dismiss is **DENIED**.

**SO ORDERED** this   17th    day of September, 2013.

                                               s/ William C. Griesbach
                                               William C. Griesbach, Chief Judge
                                               United States District Court