UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FEECO INTERNATIONAL, INC.,

        Plaintiffs,

    v.                                                      Case No. 13-CV-0869

OXANE MATERIALS, LLC,

        Defendants.

---

**ORDER DENYING MOTION TO TRANSFER VENUE**

---

Defendant Oxane Materials, LLC has filed a motion to transfer venue of this diversity action brought by Plaintiff Feeco International, Inc. Defendant asserts that, although venue is proper in the Eastern District of Wisconsin, the convenience of parties, third-party witnesses, and the interests of justice support transfer to the Western District of Arkansas pursuant to 28 U.S.C. § 1404(a).[1] For the reasons given below, the motion will be denied.

In brief, Plaintiff's complaint, originally filed in the Circuit Court for Brown County, alleges that Plaintiff contracted with Defendant for the manufacture, delivery, and installation of two rotary kilns for Defendant's use at its facility in Arkansas. (Dkt. 1-1 at 3–4.) Plaintiff alleges that Defendant owes an additional $474,690.30, and it brought suit for breach of contract or, in the alternative, for unjust enrichment and promissory estoppel. (*Id.* at 5.) Defendant answered, raised

---

[1] Defendant's brief and reply mistakenly "pray[] that the above-entitled action be removed from the Circuit 'Court of Brown County, Wisconsin, Branch 7, to this Court." (Def. Br. at 9, Dkt. 16; Def. Reply at 5, Dkt. 23.) However, Defendant's motion (Dkt. 15) makes clear that it seeks to transfer venue from this Court to the Western District of Arkansas.

affirmative defenses, and asserted several counterclaims, including breach of contract, breach of express warranty, breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, negligence, violation of the Wisconsin Deceptive Trade Practices Act, and monetary damage from theft. (Dkt. 1-1 at 10–22.) Defendant timely removed this action from state court based on diversity jurisdiction under 28 U.S.C. 1332(a) to the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1441.

A court may transfer a case to another district where the action may have been brought if transfer serves the convenience of the parties and witnesses and will promote the interests of justice. 28 U.S.C. § 1404(a); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986). The defendant has the burden of proving that transfer is appropriate. *Id.* "When [the] plaintiff and [the] defendant are in different states there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff." *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 665 (7th Cir. 2003). Some weight must also be given to a plaintiff's choice of forum. *Id.* at 664. The parties do not dispute that venue is proper in the Eastern District of Wisconsin[2] or the Western District of Arkansas.[3] Therefore, I would ordinarily examine whether transfer would serve the

---

[2] Among Defendant's affirmative defenses in its Answer filed in Brown County Circuit Court is that "venue is not proper." (Dkt. 1-1 at 64.) Defendant does not appear to continue that argument in this motion or otherwise suggest that venue is not proper in the Eastern District of Wisconsin.

[3] As Plaintiff briefly mentions, Defendant's briefs fail to expressly argue that venue would be proper in the Western District of Arkansas under 28 U.S.C. § 1391. (Plf. Br. at 5, Dkt. 17.) Although it was Defendant's burden to demonstrate that the action could have been brought in the Western District of Arkansas and it did not clearly do so, the implication from Defendant's briefs is that this action could have been brought there because Defendant is located within that District or some of the events that give rise to this action occurred there, which would make venue proper under 28 U.S.C. § 1391(b)(1) or (b)(2) respectively. (*See* Def. Br, Dkt. 16; Def. Reply, Dkt. 23.)

2

convenience of the parties and witnesses and promote the interests of justice, along with any other relevant factors, based on the unique facts of this case. Here, in addition to the statutory factors, I must also consider what weight to give to the forum-selection clause found in the contract between Plaintiff and Defendant.

That issue, when it arises as it does here in the context of a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), is plainly governed by federal law.[4] *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, (1988); *IFC Credit Corp. v. Aliano Bros. Gen. Contractors*, 437 F.3d 606, 608 (7th Cir. 2006). And as Judge Posner has observed, "federal courts are friendly to the use of forum selection clauses to determine which federal district court shall host a case." *Id.* at 608; *see also Northwestern National Ins. Co. v. Donovan*, 916 F.2d 372, 375 (7th Cir. 1990) (noting that the decisions in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), and *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286 (7th Cir. 1989), "bury the outmoded judicial hostility to forum selection clauses. They make clear that since a defendant is deemed to waive (that is, he forfeits) objections to personal jurisdiction or venue simply by not making them in timely fashion, a potential defendant can waive such objections in advance of suit by signing a forum selection clause."). But as *Stewart* clarified, a forum-selection clause should receive "neither dispositive consideration … nor no consideration …, but rather the consideration for which Congress provided in § 1404(a)." 487 U.S. at 31.

---

[4] Plaintiff cites to Wisconsin state law in arguing that the forum selection clause is "'presumptively valid' and enforced." (Plf. Br. at 4, Dkt. 17 (quoting *Converting/Biophile Labs., Inc. v. Ludlow Composites Corp.*, 2006 WI App 187, ¶ 22, 296 Wis.2d 273, 286, 722 N.W.2d 633, 640 (Wis. Ct. App. 2006))).

Based on *Stewart* and a case from the Western District of Wisconsin, *Wins Equipment, LLC v. Rayco Mfg., Inc.*, 668 F. Supp. 2d 1148 (2009), Defendant argues that the forum selection clause should get effectively no weight and, instead, I should rely only on the three factors identified in 28 U.S.C. 1404(a). Defendant is correct that the existence of a forum-selection clause is not dispositive, but misstates the applicable law.

In the Seventh Circuit,[5] forum selection clauses are valid contractual terms that are to be enforced. *Muzumbdar v Wellness Intern. Network, Ltd.*, 438 F.3d 759, 761 (7th Cir. 2006) (citing *IFC Credit*, 437 F.3d at 606); *see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593–94 (1991) (enforcing forum-selection clause on a passenger cruise ticket). But, like all contract provisions, a forum-selection clause will not be enforced if it would be "unreasonable or unjust or the provisions was procured by fraud or overreaching." *Paper Express, Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992) (citing *Bremen*, 407 U.S. at 10; *Northwestern Nat'l Ins.*, 916 F.3d at 375). Further, as *Stewart* itself recognized:

> Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964). A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors. The presence of a forum-selection clause such as the parties entered into in this case will be a *significant factor that figures centrally* in the district court's calculus.

---

[5] The Eighth Circuit, where Defendant resides and seeks to transfer this case, has a similar understanding. *Union Elec. Co. v. Energy. Ins. Mut. Ltd.*, 689 F.3d 968, 974–75 (2012) ("Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." (quoting *M.B. Restaurants, Inc. v. CKE Restaurants, Inc.*, 183 F.3d 750, 752 (8th Cir. 1999) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972)).

4

487 U.S. at 29 (emphasis added). Thus, it would be incorrect to ignore the forum-selection clause as Defendant suggests. The correct § 1404(a) analysis will "address such issues as the convenience of a … forum given the parties' expressed preference for that venue, and the fairness of transfer in light of the forum-selection clause the parties' relative bargaining power." *Id.*

Here, Defendant has not demonstrated that enforcement of the forum-selection clause would be unreasonable or unjust. *See Paper Express*, 972 F.2d at 757. "[T]he party seeking to escape the contract must demonstrate that 'the forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'" *Id.* at 758 (quoting *Bremen*, 407 U.S. at 18.) Defendant presents no evidence to suggest that fraud or mistake played any role in the inclusion of the forum-selection clause. Defendant does argue that enforcement of the forum-selection clause would be too inconvenient to the parties and witnesses, as well as against the interests of justice. Defendant's argument is unconvincing.

First, Defendant argues that the Eastern District of Wisconsin is inconvenient to Defendant and its employees "to travel to Wisconsin for future proceedings." (Def. Br. At 4, Dkt. 16.) However, Defendant waived any right to claim inconvenience for a Wisconsin venue when it agreed to the forum-selection clause. *See Northwestern Nat'l*, 916 F.2d at 375, 378. Likewise, Defendant's claim that its employees will be inconvenienced is also waived. *Id.* at 376 ("[T]he inconvenience to employees would have been taken into account when the clause was drafted.").

Even if Defendant had not waived this right, its arguments would be unconvincing. While an Arkansas venue may be more convenient to Defendant and its employees, it would certainly not be more convenient to Plaintiff and its employees, who are located in Wisconsin. Plaintiff, like Defendant, asserts that it intends to call a number of employees located in Wisconsin. (Plf. Br. at

5

6, Dkt. 17.) Defendant may not want to litigate here, but it is not unfair to Defendant in this case when transfer would merely shift the inconvenience from one party to another. *Heller Fin.*, 883 F.2d at 1293.

As for Defendant's assertion "it is apparent that the majority of relevant facts in this products liability case will stem from activities that occurred in the State of Arkansas" (Def. Br. at 3–4, Dkt. 16), Plaintiff responds that Defendant has overstated the significance of the current location of the rotary kilns. Events in Arkansas may be relevant to this case, including the installation of the kilns and subsequent repair efforts. (*Id.*) But the alleged defects in design and manufacture that form the basis of Defendant's counterclaims occurred in Wisconsin. (Plf. Br. at 8, Dkt. 8.) Based on the representations of the parties, it would appear that relevant evidence may exist in both Wisconsin and Arkansas. Thus, it would not be "clearly more convenient" to transfer this case to the Western District of Arkansas. *See Coffey*, 796 F.3d at 220.

Second, Defendant argues that transfer will be more convenient for its third-party witnesses: an unidentified number of unnamed employees of Thermal Specialties, Brandt Industrial, Cockrum Welding & Fabrication, and Convergence Combustion. (Def. Br. at 6–7, Dkt. 16; Wachnowsky Aff. at 3–4, Dkt. 16-1; Def. Reply at 3–5, Dkt. 23; Wachnowsky Second Aff. at 1–2, Dkt. 23-1.) Defendant maintains that these third-party witnesses may need to be deposed or be called on to testify regarding various aspects of the installation and repair of the kilns in Arkansas. According to Defendant, these witnesses are located in Arkansas or in Oklahoma but still within 100 miles of a federal courthouse in the Western District of Arkansas. (Def. Br. at 7 & n.1, Dkt. 16; Def. Reply at 4 & n.1, Dkt. 23.) Defendant did not, however, provide a declaration from any of these potential witnesses regarding the potential inconvenience of or unwillingness to travel to Wisconsin for a trial.

6

In response, Plaintiff describes three third-party material witnesses residing in Wisconsin that it may depose or call to testify at trial. (Plf. Br. at 7–8, Dkt. 17; Hoffman Decl. at 2, Dkt. 19.)

Although I am sympathetic to the logistical and financial inconveniences Defendant or its witnesses may incur, I find this reason insufficient to abrogate the contract's forum-selection clause. As technology advances and as civil trials become increasingly rare, the justification for transferring an action for convenience becomes less compelling. For example, video conference technology permits depositions with relatively little inconvenience to the third-party witness. Finally, even if the witnesses refuse to travel to Wisconsin to testify, Defendant can either show video depositions or read transcripts of the witnesses' deposition testimony at trial. Further, as with the inconvenience to the parties, transferring the case from Wisconsin to Arkansas would merely shift the cost burdens from Defendant to Plaintiff. Thus, I find that inconvenience to third parties does not warrant transfer to Arkansas.

Finally, under the interests of justice factor, the court must consider such concerns as ensuring a speedy trial, trying related litigation together, and having a judge familiar with the applicable law try the case. *Heller*, 883 F.2d at 1293. This factor focuses on public considerations such as the efficient administration of justice, rather than the private interests of the litigants. *Coffey*, 796 F.2d at 221. In this case, there are no facts that suggest a speedy trial or consolidation is at issue here. Defendant again highlights the location of the kilns in Arkansas as supporting a transfer because it believes that at least one site visit during discovery will be necessary and "intends to request the fact finder" also visit the site if a trial occurs. (Def. Br. at 8, Dkt. 16.) Defendant downplays the significance of a federal court in Arkansas applying Wisconsin common and statutory law, which will likely apply in this case. (*Id.*) While I have no reason to doubt the ability of the

7

judges of the Western District of Arkansas to apply Wisconsin law, it still "considered advantageous to have federal judges try a case who are familiar with the applicable state law." *Coffey*, 796 F.2d at 221 (citing *Van Dusen*, 376 U.S. at 645). In short, neither party can demonstrate that the interests of justice factor strongly favors their position and, consequently, transfer is not appropriate.

The facts of this case do not justify transfer to the Western District of Arkansas: a valid forum-selection clause negotiated at arms-length placed venue in Wisconsin; Plaintiff chose to file its action in Wisconsin; transfer would merely shift the inconvenience from Defendant and its third-party witnesses to Plaintiff and its third-party witnesses; substantial events related to this case occurred in Wisconsin; and Wisconsin state law will apply. Defendant has not demonstrated that forum-selection clause, a significant factor that figures centrally in § 1404(a) analysis, is not valid has failed and has otherwise not shown that Arkansas is the "clearly more convenient" forum.

For these reasons, the motion to transfer is **DENIED**.

**SO ORDERED** this ___25th___ day of October, 2013.

                                                   s/ William C. Griesbach
                                                   William C. Griesbach, Chief Judge
                                                   United States District Court